**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY ) <br> COMPANY OF AMERICA and ) <br> TRAVELERS INDEMNITY COMPANY, ) <br>     ) <br>     **Plaintiff,** ) <br>     ) <br> vs. ) <br>     ) <br> ROGAN SHOES INCORPORATED, and ) <br> ROSS GOOD, individually and on behalf ) <br> of a class, ) <br>     ) <br>     **Defendants.** ) | No. 11 CV 694 <br><br> Judge Joan H. Lefkow |

**OPINION AND ORDER**

Plaintiffs Travelers Property Casualty Company of America and Travelers Indemnity Company (collectively, "Travelers") filed suit against Rogan Shoes Incorporated ("Rogan") and Ross Good, individually and on behalf of a class, seeking a declaration of its rights and obligations under certain insurance policies between Travelers and Rogan. Before the court is Good's motion to dismiss or stay based on the abstention doctrine.[1] For the reasons stated below, Good's motion to dismiss [#11] will be granted.

**BACKGROUND**[2]

Travelers Property Casualty Company of America and Travelers Indemnity Company are Connecticut corporations that issued insurance policies to Rogan, a Wisconsin corporation that operates a Rogan Shoe Store in Buffalo Grove, Illinois. On September 3, 2009, Good filed suit against Rogan in Lake County circuit court alleging violations of the Fair and Accurate Credit

---

[1] Good's motion also asserts that Travelers' complaint should be dismissed for improper service of process. Good, however, subsequently agreed to waive service. *See* Dkt. #15.

[2] This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the parties are completely diverse and the amount in controversy exceeds $75,000.

Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act. FACTA prohibits businesses from printing credit card or debit card receipts that include the card expiration date or more than the last five digits of the card number. *See* 15 U.S.C § 1681c(g).

In his complaint, Good alleged that the Rogan Shoe Store had violated FACTA by printing receipts that included the expiration dates of its customers' credit cards. The trial court certified a class to include all persons to whom Rogan provided credit or debit card receipts that displayed the card's expiration date or more than the last five digits of the card number during the period of June 8, 2008 to June 30, 2009. Rogan made a demand of Travelers to defend and indemnify it in connection with the underlying litigation on September 8, 2009, pursuant to Rogan's two primary insurance policies and two umbrella insurance policies with Travelers. On September 11, 2009, Travelers informed Rogan that it would not provide either indemnity for or a defense in the underlying litigation.

Good and Rogan settled the state action. On July 1, 2010, the trial court approved the settlement agreement and granted final judgment for $15,999,999.96. The settlement agreement specified that the judgment would be satisfied only through proceeds from Rogan's insurance polices.

On January 4, 2011, Good filed a supplementary citation to discover assets on Travelers, seeking to collect the proceeds on the insurance policies Travelers issued to Rogan. The citation was served on Travelers' agent two days later. On January 31, 2011, Travelers filed a complaint in this court under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a determination that the four insurance policies referenced in the settlement agreement do not cover the claims alleged by Good. In this proceeding, Travelers argues that Good's FACTA

claims fall outside the scope of its insurance policies because the policies only cover bodily injury, property damage, advertising injury, or personal injury.

## DISCUSSION

Good argues that the court should dismiss Travelers' complaint or stay this action because Travelers can adjudicate all of the issues in this case as part of the supplemental citation proceeding in the underlying litigation. Travelers responds that abstention would be improper because it is not a party to the state class action lawsuit and because its rights would not be fully adjudicated in the state citation proceeding.

The Declaratory Judgment Act provides, in relevant part, that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Seventh Circuit has explained that, under the *Wilton*/*Brillhart* abstention doctrine, "district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc.* v. *PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (quoting *R.R. St. & Co., Inc.* v. *Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009)); *see Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Brillhart* v. *Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). "There is no set criteria for when a court should exercise its discretion to abstain . . . but the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision*, 604 F.3d at 986. "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* (citing *Sta-Rite Indus., Inc.* v. *Allstate Ins. Co.*, 96 F.3d 281, 287 (7th

Cir. 1996); *Interstate Material Corp.* v. *City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)). The fact that Travelers is not a party to the underlying class action lawsuit does not determine the outcome of the court's analysis of the two proceedings. *See id.* at 987. Rather, the court's inquiry is focused on "whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case." *Id.* (quoting *TruServ Corp.* v. *Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)); *see also Medical Assurance Co., Inc.* v. *Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) (court must consider whether the declaratory action will present factual questions that the state court has also been asked to decide in light of the substantive law that informs the two actions).

This declaratory action and the state court citation proceeding address the same legal question: whether Travelers must compensate Good based on the insurance policies issued to Rogan. Good initiated the citation proceeding pursuant to Illinois statute 2-1402, which "[a]uthorizes [a] judgment creditor to maintain an action against any person or corporation that, it appears upon proof satisfactory to the court, is indebted to the judgment creditor." 735 Ill. Comp. Stat. 5/2-1402(c)(6). It is well-settled that the rights of a citation respondent may be adjudicated in a supplementary citation proceeding, even if the respondent is not a party to the underlying litigation. *Stonecrafters, Inc.* v. *Wholesale Life Ins. Brokerage, Inc.*, 915 N.E.2d 51, 58, 393 Ill. App. 3d 951, 333 Ill. Dec. 530 (2009); *Eclipse Mfg. Co.* v. *United States Compliance Co.*, 886 N.E.2d 349, 351–52, 381 Ill. App. 3d 127, 319 Ill. Dec. 586 (2007); *Second New Haven Bank* v. *Kobrite, Inc.*, 408 N.E.2d 369, 370, 86 Ill. App. 3d 832, 41 Ill. Dec. 947 (1980); *see also Sobina* v. *Busby*, 210 N.E.2d 769, 62 Ill. App. 2d 1 (1965). Therefore, Travelers can litigate any proper defense to recovery in Lake County circuit court, including the defense of no duty to defend or indemnify. *See Stonecrafters,* 915 N.E.2d at 57; *Kobrite*, 408 N.E.2d at 370. Because

4

the circuit court will need to determine the scope of Travelers' duties under the insurance policies in the course of the citation proceeding, this action and the state court action are parallel proceedings. *See Envision*, 604 F.3d at 987 (proceedings are parallel where "the same precise legal question will be answered in both suits: whether [the insurer] owes [the insured] a duty to indemnify it for any loss incurred in the [underlying] suit").

Travelers argues, however, that the citation action is merely a proceeding to discover assets and that it will not have the opportunity to litigate its rights and obligations under the insurance policies. Travelers does not address the line of Illinois cases holding that an insurer that is a third-party citation respondent may litigate coverage defenses in a citation action. Rather, Travelers cites *Eclipse Manufacturing Company* v. *United States Compliance Company*, No. 05-C-5406, 2006 WL 42395 (N.D. Ill. Jan. 4, 2006), where another court in this district held that a citation proceeding under section 2-1402 could not be removed to federal court. *Eclipse*'s discussion of removability supports the conclusion that Travelers' defenses will be fully litigated in the state citation proceeding, however. *See id.* at *3 (noting that the citation proceeding "involve[d] the issue of whether the claims that were settled were covered by . . . [the] [insurance] policies" at issue and that the circuit court would have had to consider the insurers' denial of coverage in determining the class settlement). Therefore Travelers' assertion that there is no parallel state court proceeding is not persuasive. Taking the foregoing into account, it is clear that this court's adjudication of Travelers' declaratory action would be duplicative of the state citation proceeding. *See Nationwide Ins.* v. *Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995) (courts should consider whether declaratory suit "serve[s] a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a

5

declaratory judgment in another forum or at another time"). Accordingly, Good's motion to dismiss will be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, Good's motion to dismiss [#11] is granted. Travelers' complaint is dismissed without prejudice.

Dated: July 6, 2011        Enter: _____
                                   JOAN HUMPHREY LEFKOW
                                   United States District Judge